[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO ARGUE MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 114)
The court has considered all memoranda submitted both in support for and in opposition to the defendant's motion to reargue its motion for summary judgment filed August 15, 2000 and has concluded, in view of the CT Page 14385 Appellate court's decision in Patccw v. Yasuda Fire Marine InsuranceCo., 59 Conn. App. 47 C 7/26, 2000) which followed this court's memorandum of decision by one day and of which this court was unaware at the time, this court is obliged to grant defendant's motion to reargue and reverse its original ruling on defendant's motion for summary judgment for the following reasons.
This court agrees with defendant's position that the real dispositive issue in this matter is not who was the lessor of the vehicle in question, but rather, whether a long term lessee was the owner of the vehicle for insurance purposes and thus solely responsible to obtain UIM coverage for the leased vehicle Platcow puts this question to rest. The Appellate court clearly and unambiguously answers this question in the affirmative. Id. At 55. Their holding is dispositive of the issue in this case.
Whether the defendant was a "holder" of the Miller Ford lease, an assignee of that lease or an owner of the vehicle is immaterial to the outcome of the present case according to Platcow. Consequently, this court finds no material issues of fact and concludes that the defendant is entitled to judgment as a matter of law. Platcow v. Yasuda Fire Marine Insurance Co., supra. Accordingly, defendant's motion for summary judgment is hereby GRANTED.
MELVILLE, J.